UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re: )
)
    SOONOK OHPARK )   Case No. 10-10194-SSM
)   Chapter 7
          Debtor )

**MEMORANDUM OPINION AND ORDER**

    Before the court is the motion of W. Clarkson McDow, Jr., United States Trustee, Region Four ("U.S. Trustee") to examine the reasonableness of $1,500 in fees paid by the debtor to her attorney, Michael Eisner, Esquire. A hearing was held on April 20, 2010, at which the U.S. Trustee was present by counsel. Mr. Eisner did not file a response to the motion, but was present at the hearing.[1] For the reasons stated, the court determines that disgorgement of a portion of the fees paid to Mr. Eisner is appropriate.

Background

    Mr. Eisner is a licensed attorney who, on November 5, 2009, filed Soonok OhPark's first petition for relief under chapter 7 of the Bankruptcy Code. The only creditor listed on the mailing matrix filed with the petition was OneWest Bank. The case was dismissed several weeks later (December 14, 2009) for failure to timely file lists, schedules and statements. *In re OhPark*, No. 09-19115 (Doc. #15). According to Mr. Eisner, Ms. OhPark had come to him on the morning of a scheduled foreclosure sale of her home. She had been working with her

---

[1] At the hearing, Mr. Eisner handed up several exhibits, including an affidavit from the debtor, but did not formally offer them into evidence.

1

mortgage holder, OneWest Bank, on a loan modification and thought that filing bankruptcy was her "best option" for "retaining [her] property" and "continuing to work with OneWest Bank." Mr. Eisner discussed the required credit counseling course with the debtor and she informed him that she had completed it.  Later Mr. Eisner learned that although the debtor had begun the course, she never completed it.

On November 11, 2009 (six days after the petition was filed), OneWest Bank filed a motion for relief from the automatic stay (Doc. #5), and an order was entered on December 15, 2010 (one day after the dismissal of the case) terminating the automatic stay.  According to Mr. Eisner, the debtor ultimately determined that rather than pursue bankruptcy at that time, she would continue working on a loan modification with OneWest Bank outside of bankruptcy.  Mr. Eisner stated that he did not receive any compensation in the first case.[2]

On January 11, 2010, Mr. Eisner filed a second petition for the debtor.  He explained that the debtor had contacted him the day before and produced not only a credit counseling certificate, but also paid the filing fee for both cases and $1,500 for Mr. Eisner's legal services. *See* Disclosure Statement (Doc. # 1). In her affidavit, the debtor states that she retained the firm to file the second case because she had been unsuccessful in getting a loan modification, and her property was again scheduled for foreclosure.  According to Mr. Eisner, the debtor said that she would provide him the information he needed to complete the bankruptcy schedules.  In her affidavit, the debtor explained that she knew the attorneys needed the information by January 26,

---

[2] His disclosure of compensation reflects that he had agreed to file the case for a fee of $1,500, none of which had been received prior to the filing of the petition.

2010, but that "I was traveling during the month of January and was unable to return their phone calls and provide them with the information they requested."

On the second page of the petition, where the debtor is required to disclose previous bankruptcy filings within the last eight years, "none" was entered. On January 13, 2010, OneWest Bank filed a motion for relief from stay in the second case. (Doc. #6). Thereafter the debtor was issued a notice to show cause why her case should not be dismissed with sanctions, including dismissal with prejudice to refiling, for failing to file schedules and statements. (Doc. # 17). A hearing was held on February 16, 2010, and the case was dismissed with prejudice to refiling for one year. (Doc. #23). The court retained jurisdiction to consider a pending motion by the U.S. Trustee to examine the fees paid to Mr. Eisner.

The motion to examine fees paid to Mr. Eisner had been filed on February 26, 2010. It asserts that Mr. Eisner should be required to disgorge all of the fees paid to him because he did not undertake a reasonable investigation or review of the petition before it was filed. Although Mr. Eisner did not file a response, he appeared at the hearing and he represented that on the copy of the petition the debtor signed, her first case was indeed disclosed, and he was not certain how it was omitted from the electronic version filed with the court. Although never formally offered into evidence, a copy of a petition bearing what appears to be the manual signature of the debtor was passed up for review, and it does list the prior filing. Mr. Eisner stated that in hindsight he should not have taken the second case. Additionally, his office now requires debtors to contact the office the day before a foreclosure sale and that he arranges for debtors to take the credit counseling course in the office.

3

Discussion

Although counsel for a chapter 7 debtor is not required to seek court approval of his or her fees, such fees are nevertheless subject to court review for excessiveness, either on motion of a party in interest, or on the court's own initiative. § 329(b), Bankruptcy Code; Fed.R.Bankr.P. 2017(a). Upon such review, the court may order the return of any payments that "exceed the reasonable value of any . . . services." § 329(b), Bankruptcy Code. The debtor's attorney has the burden of proving that the legal services provided were of reasonably equivalent value to the fees paid. *In re Sogunro*, No. 08-11728, 2008 WL 2165136 *2 (Bankr. D. Md. May 20, 2008).

As the U.S. Trustee correctly points out, it is improper for an attorney to fail to list a debtor's prior bankruptcy filing on the bankruptcy petition. The omission of a previous filing is particularly troublesome because the disclosure is important to many aspects of the administration of a bankruptcy case. A previous filing may determine whether a debtor is eligible for a discharge in a subsequent case. *See* §§ 727(a)(8), (9), 1328(f)(1), (2), Bankruptcy Code. It also determines whether the automatic stay is subject to early termination or even arises at all. *Id*. § 362(c)(3), (4). Moreover, disclosure of a prior filing assists the clerk's office in assigning the new case to the same judge as a previous case.

This court has previously held that "where the petition and schedules filed on behalf of the debtor contain discrepancies, omissions, and inaccuracies, fee disgorgement is appropriate under § 329." *In re De Molina*, No. 09-14158 (Bankr. E.D. Va. Dec. 15, 2009) (*citing In re Nickerson*, No. 08-35234, 2009 WL 1587160 (Bankr. N.D. Ohio, April 16, 2009)). This is true whether the mistakes in the documents were intentional or inadvertent, although the amount of fees to be disgorged will obviously vary depending on the seriousness of the omission or error

and the efforts made by the attorney to verify the accuracy of the documents.  Here Mr. Eisner clearly filed a petition that contained a material inaccuracy.  Although he was the attorney who filed the prior petition for the debtor, he failed to list the prior filing on the petition in the second case.  Even if there was some copy of the petition floating around his office that listed the prior filing, an attorney who files documents electronically with the court is responsible for ensuring that the electronically-filed version conforms to the paper original and is accurate.   Because Mr. Eisner was at the very least negligent in filing a petition that failed to disclose the debtor's prior filing, the court concludes that disgorgement of some portion of the fees he was paid is appropriate.  Were it not that the debtor was also materially at fault in failing to provide Mr. Eisner with the information needed to complete the schedules and statement of financial affairs, the court would be inclined to order disgorgement of the entire fee.  And certainly, having failed once to receive the information that would enable timely schedules to be prepared, a cautious attorney might have been concerned that the client had no real intent to follow through and was simply seeking to invoke the automatic stay for the purposes of delay, and for that reason would not have taken the second case without some reasonable assurance that timely schedules could be filed in the second case.  In any event, taking into account that schedules were never prepared in either case, and that the sole document (the petition) that counsel did prepare contained a material inaccuracy that was wholly within the attorney's power to prevent, the court concludes that $500.00 is the maximum fee that is reasonable.   Accordingly, counsel will be required to disgorge the remaining $1,000.00 of the fee he received.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The motion of the United States Trustee to examine debtor's transactions with her attorney and determine the reasonableness of fees paid is granted, and the court determines that $500.00 is the maximum reasonable fee for this case.

2. The debtor's attorney shall disgorge and pay to the debtor the remaining $1,000.00 of the fee collected within **21 days** of the entry of this order and shall file with the court and serve on the United States Trustee a certification confirming the repayment.

3. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                      Stephen S. Mitchell
Alexandria, Virginia                  United States Bankruptcy Judge

Copies to:

 Jack Frankel, Esquire
Office of the United States Trustee
115 South Union St., Suite 210
Alexandria, VA  22314

Michael Lawrence Eisner, Esquire
Oh & Eisner, PLLC
7619 Little River Turnpike
Ste. 200
Annandale, VA 22003

Soonok OhPark
9190 Topaz Street
Fairfax, VA 22031
Debtor

Donald F. King, Esquire
9302 Lee Highway, Suite 1100
Fairfax, VA 22030
Chapter 7 trustee